# IN THE COURT OF APPEALS OF IOWA

No. 22-0433
Filed March 29, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TESSLLA DEZERAE BERNETT,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John C. Nelson, District Associate Judge.

Tesslla Dezerae Bernett appeals her conviction for operating a motor vehicle while intoxicated, second offense. **AFFIRMED.**

Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged Tesslla Dezerae Bernett with operating a motor vehicle while intoxicated, second offense. Bernett waived her right to a jury trial. Following a bench trial, the district court found her guilty as charged.

On appeal, Bernett contends her trial attorney was ineffective in failing to ensure her jury trial waiver was valid. We cannot address her ineffective-assistance-of-counsel claim on appeal. *See State v. Tucker*, 982 N.W.2d 645, 652 (Iowa 2022) (citing Iowa Code § 814.7 (2022)).

Bernett also contends the district court should not have denied her motion for new trial because the court's earlier finding of guilt "was contrary to the weight of the evidence." *See* Iowa R. Crim. P. 2.24(2)(b)(6) (authorizing new trial where "the verdict is contrary to law or evidence"); *State v. Stendrup*, 983 N.W.2d 231, 246 (Iowa 2022) (stating "contrary to law or evidence" means "contrary to the weight of the evidence" (citations omitted)). Our review of the court's ruling is for a clear and manifest abuse of discretion. *Stendrup*, 983 N.W.2d at 246.

Bernett raised two grounds in her new trial motion: (1) the verdict was contrary to the law or evidence and (2) there was "new evidence." The district court held an evidentiary hearing on her claim of new evidence. *See* Iowa R. Crim. P. 2.24(2)(b)(8) (authorizing a new trial "[w]hen the defendant has discovered important and material evidence in the defendant's favor since the verdict, which the defendant could not with reasonable diligence have discovered and produced at the trial"). At the hearing, a witness "indicated under oath that a party other than [Bernett] operated the motor vehicle." Applying rule 2.24(2)(b)(8), the court

concluded Bernett failed to exercise "'reasonable diligence' in attempting to discover and produce the testimony . . . at trial." At the same time, the court found the witness's preliminary testimony was potentially exculpatory and, "as an ultimate matter of fairness," gave the defense a second opportunity to present the witness. The State was afforded the opportunity "to present rebuttal evidence." *See* Iowa R. Crim. P. 2.24(2)(b)(9) (authorizing a new trial "[w]hen from any other cause the defendant has not received a fair and impartial trial").[1] The court essentially delayed ruling on whether the verdict was contrary to the weight of the evidence until after the witness testified again.

The witness did not appear at a supplemental hearing. Bernett's attorney advised the court that the witness "had no intention of ever appearing again" and "[s]he moved and did not want to give [the] defense her . . . address." In light of her unwillingness to appear and counsel's inability to locate her, counsel asked the court to admit her prior testimony. The State resisted. The district court implicitly denied the request. The court "reinstate[d] the prior bench trial ruling in its entirety."

Bernett's request for reversal of the ruling is grounded entirely on the district court's failure "to consider the sworn testimony of [the witness] in rendering a verdict." The argument conflates the newly-discovered evidence ground for obtaining a new trial with the "contrary to law or evidence" ground for obtaining a new trial. The district court twice rejected the newly-discovered evidence ground.[2]

---

[1] The court cited Iowa Rule of Criminal Procedure 2.24(3) addressing arrest of judgment rather than this rule, but its language appears to track rule 2.24(2)(b)(9).
[2] Bernett now argues the court's rejection of the witness contravened Iowa Rule of Evidence 5.804(b)(1)(A), authorizing admission of testimony of an unavailable witness. She raised the issue in the district court without citing the rule. The district court summarily rejected the argument, also without citing the rule. The court

By reinstating the verdict, the court effectively rejected the "contrary to law or evidence" ground. While the court did not explicitly weigh the evidence in ruling on the new trial motion, it did so in its order following the bench trial. That order—unlike a jury's finding of guilt—contained explicit credibility findings, including the court's expression of "no doubt that [Bernett] did drive the [vehicle] for at least a block or two." *See State v. Banks*, 18-0721, 2020 WL 105078, at *4 (Iowa Ct. App. Jan. 9, 2020) (noting the defendant's "trial was to the court, and the court had already filed a written ruling that included its credibility determinations—both implicit and explicit—at the time the court denied" the defendant's new trial motion). In short, when the witness did not appear for the supplemental hearing, the court reasonably exercised its discretion to reinstate its original findings, including its credibility assessments. We discern no abuse of discretion in the court's ruling, and we affirm the denial of Bernett's motion for new trial.

**AFFIRMED.**

---

noted that the prosecutor did not "even make an attempt at cross-examination—that she would have if she knew it was part of the record for the Court to determine what the Court believed the facts were." The court also noted it "didn't hear enough to have any real chance to gauge her credibility." In short, assuming without deciding that the issue was preserved for review, the evidentiary standard for admission of the statement was not satisfied. *Cf. State v. Liggins*, 978 N.W.2d 406, 421 (Iowa 2022) (concluding a party had an adequate opportunity to cross-examine a witness at the prior trials, permitting admission of the witness testimony under rule 5.804(b)).